## L. D. TUBBS v. CHRIST SATHER.

(149 N. W. 567.)

**Appeal — dismissal for — order on — compliance with, impossible — substantial rights — moot question.**

Where it appears that a conditional order from which an appeal has been taken, made after judgment in plaintiff's favor in an action in claim and delivery, directing the clerk to satisfy of record such judgment, which was for the return and delivery by defendant to plaintiff of a horse, upon proof that such horse had been returned or tendered to the plaintiff by the defendant, the appeal will be dismissed when it is made to appear that the conditions of such order could not be complied with by reason of the death of such horse prior to the making of the order. Proof of such fact discloses that the order could not affect, in the least, the substantial rights of the plaintiff under his judgment, and the appeal therefore presents nothing but a moot question.

Opinion filed November 30, 1914.

Appeal from District Court, Pierce County. *E. B. Goss,* Special J.

Motion to dismiss appeal from an order directing the clerk to satisfy a judgment of record.

Motion granted.

*Albert E. Coger,* for appellant.

A mere return of the property after judgment in the alternative in a claim and delivery action does not operate to satisfy the judgment. To have such effect, the property returned must be in substantially the same condition as when taken, and without material deterioration in value. Vallancy v. Hunt, 26 N. D. 611, 145 N. W. 134; Cobbey, Replevin, § 1184; Note to Three States Lumber Co. v. Blanks,

69 L.R.A. 286; Gibbs v. Bartlett, 2 Watts & S. 34; Nichols & S. Co. v. Paulson, 10 N. D. 440, 87 N. W. 977; Jackson v. Morgan, 167 Ind. 528, 78 N. E. 633; Fair v. Citizens' State Bank, 69 Kan. 353, 105 Am. St. Rep. 168, 76 Pac. 847, 2 Ann. Cas. 960; Schott v. Youree, 142 Ill. 233, 31 N. E. 591; McPherson v. Acme Lumber Co. 70 Miss. 649, 12 So. 857; Washington Ice Co. v. Webster, 125 U. S. 426, 31 L. ed. 799, 8 Sup. Ct. Rep. 947.

*Cowan & Adamson* and *H. A. Blood,* for respondent.

The record on appeal must be authenticated by the certificate of the judge who presided in the lower court. Cummings v. Conlan, 66 Cal. 403, 5 Pac. 796, 903.

The order appealed from is not framed to comply with the law, in that it fails to specify the affidavits and papers upon which the motion was made and which resulted in the order. Rev. Codes 1905, § 7325.

Fisk, J. Motion by respondent to strike appellant's record from the files, and for a dismissal of the appeal. Such motion is based upon the affidavit of one of respondent's attorneys, the certificate of the clerk of the district court, and the records and files in the action. In opposition to the motion, appellant has produced an affidavit of his counsel.

The only ground of the motion which we need specially notice is in substance that appellant is in no manner aggrieved by the order appealed from.

Such order was made on November 22, 1910, and is as follows, omitting the title:

In the above-entitled action, the property mentioned in the judgment having been returned to plaintiff by defendant, and defendant having paid the costs in the action and demanded a release of said judgment, and the plaintiff having insisted on the collection of the money judgment, and refused to receive the property therein mentioned tendered him by the defendant,

Now, therefore, it is hereby ordered that upon the delivery of the horse in question by defendant to plaintiff, or a tender thereof made, and proof of such tender or delivery being filed with the clerk, satisfying him that the same has been done, the clerk of this court is directed to, on defendant's demand, thereafter to satisfy said judgment of record