### L. D. TUBBS v. CHRIST SATHER.

#### (158 N. W. 276.)

**Mortgagee — action by — against mortgagor — for possession of property — under mortgage — for purpose of foreclosure — redelivery bond — by mortgagor — death of, before trial — no administrator — third person — substitution of, as defendant — by stipulation — technicalities — waiver of — as to defect of parties — effect of stipulation — of substitution — judgment on — valid — revival of action — personal representative.**

1. Where an action is brought by the mortgagee against the mortgagor for the possession of a chattel for the purpose of foreclosing the mortgage on the same, and the mortgagor retains the possession of the article and gives a redelivery bond, but dies before the trial, and no administration is had of the estate, and after his death a third person marries his widow and files a stipulation in the district court by which he agrees that he may be substituted as the defendant in the action in the place of the deceased, and if the plaintiff recover in the action he will answer to the judgment and be bound thereby, and will waive all

technicalities as to the defect of parties or wrongful or illegal substitution, and an order is entered substituting said third person as the defendant in the case, the said order and stipulation will have the same effect as if the complaint had been amended, and a judgment rendered thereon will be valid and binding as against the substituted defendant, and as between him and the said plaintiff, even though no attempt has been made to revive the action that was first brought, and as against the personal representative of the said deceased.

**Old district — causes pending in — new district — transferred to new district — judge of new district — on order of.**

2. After the formation of the ninth judicial district the cases theretofore pending in the counties of Bottineau, McHenry, and Pierce could, on order of the judge of said new district, and under the provisions of § 757, Compiled Laws of 1913, be entitled and heard in the ninth judicial district, and no prior order of the second judicial district was necessary for the purpose.

Opinion filed May 25, 1916.   Rehearing denied June 13, 1916.

Appeal from the District Court of Pierce County; *C. M. Cooley*, Special Judge.

Motion to reinstate a judgment improperly satisfied.   Order and judgment for plaintiff.   Defendant appeals.

Affirmed.

Statement of facts by BRUCE, J.

This is an action for the recovery of a certain horse or for the value thereof, the possession being sought for the purpose of foreclosing a chattel mortgage, and the original defendant, Ole Romfo, having given a redelivery bond and having retained the property.

The action was originally brought in the district court for the second judicial district, and was entitled L. D. Tubbs v. Ole Romfo. All of the proceedings that seem to have been had, however, in the district court for the second judicial district, were the filing of the pleadings, the service and filing of the summons, the seizure of the horse, and the giving of the redelivery bond by the defendant, said summons being served on May 10, 1904.

Thereafter, however, and on the 21st day of June, 1909, the following stipulation was made and entered into and filed in the district court for the ninth judicial district:

State of North Dakota,⎱ ss.: In District Court,
County of Pierce,⎰ Ninth Judicial District.

L. D. Tubbs, Plaintiff,
v.
Ole Romfo, Defendant.

Stipulation.

It is stipulated between L. D. Tubbs, plaintiff, Christ Sather, and L. N. Torson, attorney of record for the defendant in above-entitled action, the defendant died intestate, and there has been no administration of the estate of the defendant.

And whereas the said Christ Sather is interested in the said estate of the said Ole Romfo, and there being no cause other than that presented by this action, that the expense of administration of the said estate be incurred.

Now for the purpose of avoiding such expense and for the purpose of expediting the disposition of this action, which has been for a long time pending in the court,—

It is agreed that Christ Sather may be substituted as the defendant in this action, and that action proceed against him as it would have proceeded against the defendant, Ole Romfo, if he were still living. And if the plaintiff recover in this action, the said Christ Sather answer to the judgment, and he shall be bound thereby in the same manner as would Ole Romfo if he were still living, and no objection shall be made on the ground of defect of parties or wrongful or illegal substitution of parties in this action.

Dated Jan. 21, 1909.

L. D. Tubbs, Plaintiff.
By A. E. Coger, Attorney for Plaintiff.
Christ Sather, Party Subst.
L. N. Torson, Attorney of Record for Defendant.

No order seems to have been made in the district court of the second judicial district transferring the cause from the second to the ninth judicial district, but in the ninth judicial district the following order was entered:

State of North Dakota,⎰ ss.:   In District Court,
County of Pierce,   ⎱     Ninth Judicial District.

### L. D. Tubbs, Plaintiff.
### v.
### Ole Romfo, Defendant.

Upon reading the stipulation hereto attached it is ordered that Christ Sather be substituted as defendant in the above-entitled action pursuant to, and under the terms and conditions of, said stipulation.

Dated Jan. 23, 1909.

By the court:

A. G. Burr, Judge.

Filed in open court by order of the court this 22d day of Jan. 1909.

(Seal).                     George Watson, Clerk.

Thereafter the case was submitted to a jury, and though a verdict was rendered for the defendant, Christ Sather, the form of verdict being "L. D. Tubbs v. Christ Sather. We, the jury, find for the defendant," —such verdict was on motion set aside by the court, and judgment for the plaintiff and against the said Christ Sather entered in spite thereof, said judgment being as follows:

State of North Dakota,⎰ ss.:   In District Court,
County of Pierce,   ⎱     Ninth Judicial District.

### L. D. Tubbs, Plaintiff.
### v.
### Christ Sather, Defendant.

### Judgment.

The above-entitled action having been commenced by the personal

service of the summons and complaint in this action upon Ole Romfo, the original defendant, and thereafter and prior to the trial of this action said Ole Romfo having died, and the defendant Christ Sather having been, by written stipulation and order of this court duly filed herein, substituted as defendant in the place of said Ole Romfo, and this cause having been regularly placed upon the calendar for the January, 1909, term of this court, and having been reached in its regular order for trial on the 22d day of January, 1909, and having been tried before the Honorable A. G. Burr and a jury, and Albert E. Coger appearing as attorney for the plaintiff, and L. N. Torson appearing as attorney for the defendant, and the jury having returned a verdict in favor of said defendant and against said plaintiff therein, for the possession of the personal property described in the complaint or for the value thereof, and judgment having been ordered on January 30th, 1909, in accordance with said verdict, and judgment on said verdict and order thereafter having on the 24th day of February, 1909, been entered and docketed in favor of said defendant and against said plaintiff, and the plaintiff having on the 23d day of January, 1909, and immediately after the return into court of the verdict of the jury, made and served his motion in due form of law for a judgment in favor of said plaintiff notwithstanding the verdict of the jury therein, on the following grounds; to wit,

First. That said verdict is contrary to law.

Second. That said verdict is contrary to the evidence.

Third. That the court erred in not granting plaintiff's motion for a directed verdict herein; and said motion having been continued from time to time by stipulation of counsel, and having by consent of all parties come on for hearing and argument at chambers of the above-named court in the city of Rugby in said county and state on the 13th day of November, 1909, Albert E. Coger appearing as attorney for plaintiff in support of said motion, and L. N. Torson appearing as attorney for defendant in opposition thereto, and said matter having been heard on all the pleadings and proceedings in said action, the verdict, the order for judgment, and judgment heretofore entered herein in favor of the defendant and on the statement of the case herein duly settled on the 13th day of November 1909, and prior to the hearing of said motion, and the court being fully advised in the premises, and having made its order for judgment herein,—

Now, on motion of Albert E. Coger, attorney for said plaintiff, and pursuant to said order for judgment, it is hereby adjudged and determined that the verdict returned and entered herein on the 22d day of January, 1909, be and the same is hereby set aside, annulled, and vacated, and it is further adjudged and determined that the order for judgment entered herein on February 24th, bearing date January 30th, 1909, and the judgment dated and entered herein on the 24th day of February, 1909, be, and each and both of them are, hereby set aside, annulled, and vacated.

And it is further adjudged and determined that the plaintiff, L. D. Tubbs, do have and recover of and from the defendant, Christ Sather, judgment for the recovery of possession of the property described in the complaint; to wit, one stallion, white face, white hind foot; or for the sum of $300, the value thereof at the time of taking, May 9th, 1904, with interest thereon at 7 per cent per annum from and since May 9th, 1904, amounting to $116.40, and making a total judgment of $416.40 for damages and interest, and for the costs and disbursements of this action, and the costs and disbursements of the motion for judgment notwithstanding the verdict herein taxed by me at $129.70, and making a total judgment in favor of plaintiff and against defendant of five hundred forty-six and 10/100 dollars ($546.10).

It is further adjudged and determined that upon the expiration of the time for appeal herein, if no appeal is taken, this judgment shall operate as a satisfaction of record of the judgment dated and entered herein on February 24th, 1909, in favor of defendant and against plaintiff.

Witness, The Hon. A. G. Burr, Judge of the Ninth Judicial District Court in and for the County of Pierce and State of North Dakota, and my hand and the seal of said court at Rugby, N. D., this 7th day of December, 1909.

(Seal)            George Watson, Clerk of the District Court.

No appeal was taken from this judgment, and in the fall of 1909 the defendant, Christ Sather, gave notice to the attorney for plaintiff of his willingness to tender the horse, though no actual tender was made. Thereafter, and in 1910, the judgment was satisfied of record pursuant

34 N. D.—19.

to an order of the district court, said satisfaction being on motion of the defendant, and the affidavit and order being as follows:

State of North Dakota,⎫ ss.:    In District Court,
  County of Pierce,    ⎭        Ninth Judicial District.

L. D. Tubbs, Plaintiff,
v.
Christ Sather, Defendant.

State of North Dakota,⎫ ss.:  Affidavit.
  County of Pierce,    ⎭

L. N. Torson, being first duly sworn, says he is attorney for the defendant in the above-entitled action.

That on December 7th, 1909, judgment in favor of the plaintiff and against the defendant was entered in the office of the clerk of the district court of Pierce county, North Dakota, in the above-entitled action, for and to recover the possession from the defendant that certain personal property described as follows; to wit, one stallion, white face, white hind foot; or for the sum of $300, the value thereof, with interest, together with the cost of the action, taxed and allowed at $129.70.

That afterwards, to wit, on the 2d day of February, 1909, the defendant, Christ Sather, paid into court the amount of judgment for costs together with interest; to wit, the total sum of $131.20.

Affiant further states that heretofore; to wit, on the 4th day of December, 1909, the defendant tendered, offered, and attempted to deliver to the plaintiff the personal property described in said judgment; to wit, the stallion, white face, and white hind foot, being the same stallion whose possession was ordered and adjudged in said judgment to belong to the plaintiff.

That affiant further states that at that time and ever since the defendant has been ready to deliver said personal property to the plaintiff at Rugby, Pierce county, North Dakota, free from all encumbrance, charges, liens, and claims whatsoever. That said offer of delivery was

made to A. E. Coger, attorney for the plaintiff, and that defendant did not offer to deliver said personal property to the plaintiff in person for the reason that plaintiff's residence is not known, and cannot be ascertained by this affiant or by the defendant.

That affiant is informed and verily believes that the plaintiff is a resident of the state of Wisconsin.

That affiant makes this affidavit for the purpose of obtaining an order to show cause, directed to the plaintiff, why the judgment entered in the above-entitled action on the 7th day of December, 1909, in favor of the plaintiff and against the defendant, should not be satisfied and discharged of record.

L. N. Torson.

Subscribed and sworn to before me this 3d day of February, 1910.

(Seal)                    R. G. Lander, Notary Public, N. D.

State of North Dakota,⎱ ss.:    In District Court,
County of Pierce,    ⎰         Ninth Judicial District.

L. D. Tubbs, Plaintiff,⎫
            v.         ⎬ Order.
Christ Sather, Respondent.⎭

In the above-entitled action, the property mentioned in the judgment having been returned to plaintiff by defendant, and defendant having paid the costs in the action and demanded a release of said judgment, and the plaintiff having insisted on the collection of the money judgment and refused to receive the property therein mentioned tendered him by the defendant,—

Now, therefore, it is hereby ordered that upon the delivery of the horse in question by defendant to plaintiff or a tender thereof made, and proof of such tender or delivery being filed with the clerk satisfying him that the same has been done, the clerk of this court is directed to, on defendant's demand, thereafter satisfy said judgment of record in his office by indorsing on his judgment docket a statement that the same has been paid in full and so adjudicated by the court and the judgment

satisfied accordingly under this order of court, which order is directed to be placed with the files in said action.

Dated November 22d, 1910.

By the Court,

E. B. Goss,

Judge of the Eighth Judicial District acting for and at the written request of the Honorable A. G. Burr, Judge of the Ninth Judicial District of North Dakota, and under stipulation of counsel herein.

Thereafter, and on the strength of this order and this order alone, the clerk of the court satisfied the judgment.

About three years after this satisfaction the plaintiff, L. D. Tubbs, appealed to the supreme court from the order authorizing the same. This appeal was dismissed on account of the fact that it was made to appear that no tender of the horse had actually been made, but merely a notice of a willingness to tender it, and that the horse had died prior to the making of the order appealed from, and that such order was conditional and only provided for such satisfaction upon the delivery or tender of the animal in question. The supreme court, in short, held that the order never did, and never could, become effective, and that the clerk of the district court had therefore satisfied the judgment under an erroneous interpretation of the provisions of the order, and that appellant had therefore an ample remedy by motion in the district court, to reinstate the judgment. See Tubbs v. Sather, 29 N. D. 84, 149 N. W. 567.

Thereafter the plaintiff, Tubbs, applied to the district court for an order reinstating the judgment of February 24th, 1909, and which had been erroneously satisfied, and also for an order permitting copies of the original pleadings to be filed, such pleadings having, according to defendant and appellant's counsel, never been filed in said court, and having been lost, but, according to plaintiff and respondent's counsel, lost merely.

From an order granting this motion and allowing such pleadings to be filed *nunc pro tunc*, and from the order and judgment reinstating the original judgment, defendant and appellant has now appealed.

*Cowan & Adamson* and *H. S. Blood,* for appellant.

Where an action is pending, and before trial defendant dies, and no personal representative or successor in interest is substituted as defendant, the court cannot proceed to trial until substitution of the proper party is made, and the trial, verdict, and judgment had and made without such substitution are void. Code Civ. Proc. Comp. Laws 1913, § 7408; McCormick Harvesting Mach. Co. v. Snedigar, 3 S. D. 625, 54 N. W. 814; O'Neill v. Murray, 6 Dak. 107, 50 N. W. 619.

Where the sale party dies during the pendency of an action, though the cause of action continue in favor of or against some other person, still nothing can be done in the action, nor can any trial be had, until the person in whose favor or against whom the cause of action survives is brought before the court in some proper proceeding. 1 Cyc. 84, cases "16;" 18 Enc. Pl. & Pr. 1124, title Revivor of Suits; Moore v. Rand, 1 Wis. 245; Durbin v. Waldo, 15 Wis. 353; Tarbox v. French, 27 Wis. 651; Kingsbury v. Lane, 21 Mo. 115; O'Neill v. Murray, 6 Dak. 107, 50 N. W. 619; 19 Enc. Pl. & Pr. 1132; Stephens v. Magor, 25 Wis. 533; Dick v. Kendall, 6 Or. 166; Lee v. O'Shaughnessy, 20 Minn. 173, Gil. 157; Stocking v. Hanson, 22 Minn. 542.

In an action involving the right of possession of personal property, where a party dies before trial, it is necessary to revive such action, and the bill for such purpose can be filed only by the legal representative of such deceased person, according to the subject-matter of the action. Hawkins v. Chapman, 36 Md. 83; Russell v. Craig, 3 Bibb, 377.

If personalty, the executor or administrator must be substituted; if the subject-matter is real property, then the heirs alone are the proper parties to be substituted. Frowner v. Johnson, 20 Ala. 477; Bettes v. Dana, 2 Sumn. 383, Fed. Cas. No. 1,368; Russell v. Craig, supra; Glenn v. Smith, 17 Md. 260; Lanning v. Cole, 6 N. J. Eq. 102; Bowie v. Minter, 2 Ala. 406.

Where a statute allows the suggestion of the death of a party, the failure to make the suggestion will invalidate any judgment subsequently rendered. Gowings v. Loyd, 4 Tex. 483; Young v. Pickens, 45 Miss. 553; Burke v. Stokely, 65 N. C. 569; Sargeant v. Rowsey, 89 Mo. 617, 1 S. W. 823; Murphy v. Redmond, 46 Mo. 317; Prior v. Kiso, 96 Mo. 303, 9 S. W. 898.

In this case the summons and complaint were never filed with the

clerk, and, therefore, even with the proper party defendant substituted, still the judgment is void, being a judgment *in personam* and not *in rem*. Moore v. Stone, 5 Ark. 256; White v. Lewis, 2 A. K. Marsh. 123.

The word "pleading" in law signifies the science and course of allegations by which a party presents his demand or defense, and means a record. Kansas City v. O'Connor, 36 Mo. App. 594.

*Coger & Nelson,* for respondent.

The pleadings were originally filed and the district court had settled the statement of the case. But even if this were not the case, still the court would have the power to make, and it should make, the order of substitution on the stipulation and consent of the interested party. 8 Enc. Pl. & Pr. 925–927; Rice v. Colton, 126 Iowa, 654, 100 N. W. 634; 1 C. J. 253.

The lower court's orders were merely formal orders on matters of practice, and this appeal should be dismissed for the reason that the orders made are nonappealable. 3 C. J. 517, 541.

The representative of a deceased party, either plaintiff or defendant, may come voluntarily into court and make himself a party to the suit. 1 C. J. 238.

"Consent of appearance operates as a waiver of a notice of revivor." 1 C. J. 230, 247, 252, 253.

The stipulation in this case making substitution is reasonable, and not in contravention of public policy or of good morals, and the defendant is bound by it. 20 Enc. Pl. & Pr. 607.

A party who has, with knowledge of the facts, assumed a particular position in judicial proceedings, is estopped to assume a position inconsistent therewith, to the prejudice of the adverse party. 16 Cyc. 798, 799; 36 Cyc. 1280.

Any matter which involves the individual rights of the parties to a cause may properly be made the subject of stipulation. 36 Cyc. 1236.

BRUCE, J. (after stating the facts as above). We are unable to see any merit in this appeal. In the prior case of Tubbs v. Sather, 29 N. D. 84, 149 N. W. 567, we held that the order of the trial court, which was entered on the order to show cause and which directed the clerk to satisfy the judgment of record, never did and never could

become effective, because it provided that such judgment should be satisfied upon the delivery or tender of the horse, and that such was impossible as the animal had died before the making of the order. We therefore dismissed the appeal, as it merely involved a moot and academic question. We intimated, however, that the record could be cleared by a motion in the district court to reinstate the judgment. Here we have an appeal from an order reinstating that judgment, or, if we please, from a judgment reinstating that judgment. This judgment or order merely put the parties in the same position they were in before the erroneous act of the clerk, based upon the inoperative order of the district judge. The act of reinstating the judgment merely cleared the record of errors, and set aside acts which we held to have been unauthorized and nugatory. The important thing then and now is the validity of the original judgment against Christ Sather, the cancelation of which this court held to have been inoperative. That judgment has never been appealed from.

That judgment was not void. Surely a man may make what contracts he pleases, as long as the public safety or morality is not injuriously affected.

The record shows that Christ Sather married the widow of the original defendant, Ole Romfo. This fact and the stipulation itself show that he was interested in the estate of the deceased, and that, apart from this lawsuit, there was no reason why an administration should be had. It is, in fact, unnecessary for us to determine whether the estate or the heirs had any interest in the litigation over the horse. They were not made parties to any proceeding; no judgment was rendered against them; they were not parties to any action. An action merely was brought against the deceased, Ole Romfo, for the possession of a horse. He died pending the same, and the defendant, Sather, agreed to take the action upon his own shoulders, and if Ole Romfo was liable for the retention of the same, to stand in his shoes and to be substituted for him. This is evidenced by the written stipulation which was filed in the proceeding, and upon which all of the orders of the district court are based. No matter what the original pleadings may have been, the parties stipulated and agreed that the action should proceed as if Sather were the defendant and had stepped into the shoes of Romfo, and not only was the case tried upon this theory, but the

judgment was afterwards recognized by the said Sather by paying the costs of the action and attempting to satisfy the same.

The stipulation, indeed, after having been filed in the case, not merely constituted an appearance on the part of Sather, but practically amounted to an amendment of the complaint so as to make him the defendant therein. If there was any variance in the proof, it cannot be taken advantage of here, as no appeal has been taken from the judgment against him.

Much has been said about the rights of the estate of Ole Romfo, that the action abated upon his death, and that this judgment is not binding upon his estate or his heirs, and that they may have had rights in the horse. All this may have been, but of what import is it? They are not parties to any of the proceedings, and are nowhere heard to complain. No recovery has been sought against them, and their rights have in no way been litigated. Nor do we find any error in the action of the court in allowing the pleadings to be filed *nunc pro tunc,* nor any ground for the reversal of the order or judgment reinstating the prior judgment, on account of the fact that those pleadings were entitled L. D. Tubbs v. Ole Romfo. It is clear to us from the record, indeed, that the complaint was filed at the time of the original action, and, whether filed or not, that it formed the basis of the proceeding, as it was expressly referred to in the instructions that were given by the court to the jury. It was, as we said before, practically amended as to parties by the stipulation, and that stipulation waived all technical defenses. It is too late now for the defendant to complain.

Nor was there any merit in the proposition that no order was entered in the district court for the second judicial district transferring the cause to the court of the newly created ninth district. As we construe § 757, Compiled Laws of 1913, all that was necessary was the entry of an order in the ninth district, and this order was regularly entered.

The judgment of the District Court is affirmed.

Goss, J., being disqualified, did not participate.

On Petition for Rehearing.

Bruce, J.   Defendant and appellant urges in his petition for re-

hearing that this court has erroneously held that the defendant, Christ Sather, by marrying the widow of Ole Romfo, acquired a legal interest in his estate. We, of course, held no such thing. When we used the words, "that he was interested in the estate of the deceased," all we intended to say was that on account of the fact that he had married the widow and the heir of the deceased, it was natural that he should desire that unnecessary expenses of administration should be avoided.

Appellant next urges that "the court has overlooked the fact that respondent acquiesced in the order of Judge Goss by accepting the sum of $129.70 costs ordered to be paid by Sather to Tubbs, and hence cannot accept the benefits of the order and repudiate the balance."

There is no merit, however, in this point. In the first place there is nothing in the record to show that the $129.70 costs were ever paid to the respondent or ever accepted by him. In the second place, even if accepted by him, there would be no waiver of plaintiff's rights. The costs were paid by the defendant, Sather, on the 2d day of February, 1909. The affidavit on the motion to show cause why the judgment should not be satisfied was not subscribed to until February 3, 1910, nor was the order of Judge Goss made until the 22d day of November, 1910. As a matter of fact no tender of the horse was ever made, and even the affidavit does not claim that it was made before the 4th day of December, 1909. It is thus clear that the costs were paid long before the tender or pretended tender of the horse. At the time of the payment of the costs, therefore, the plaintiff had judgment against the defendant for the return of the horse or in default thereof for the sum of $300, the value thereof, and in addition for the costs mentioned. It cannot possibly be claimed that when one has a judgment against another for the return of a horse and for costs, and he accepts the payment of the costs which are paid to the clerk, he thereby relinquishes his claim to a return of the animal. Of course, he might do so and accept the payment of the costs as a full satisfaction of his claim, but there is no such proof in the record that this was done.

Counsel also urges that we have overruled various provisions of the Probate Code. We have done no such thing. All we have held is that a man is a free moral agent; that if an action is brought against one man, or even an estate, and another person chooses to substitute himself as defendant, and agrees to be bound by the judgment and to

waive all technicalities, he may be permitted to do so and may be taken at his word, and that if he has submitted to the jurisdiction of the court, allowed a jury to be impaneled and the case to be tried, has taken no appeal, has given notice of his willingness to abide by the judgment, and to tender the property and has acquiesced in the judgment by paying the costs and by asking for its satisfaction, he cannot, more than three years afterwards, question that judgment, set aside his stipulation, and deny the jurisdiction in which he has so long acquiesced.

The petition for a rehearing is denied.